IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN W. ROSE,

       Petitioner,                 No. 2: 11-cv-1879 JAM JFM (HC)

    vs.

GARY SWARTHOUT,

       Respondent.          <u>ORDER AND FINDINGS AND</u>

                                         <u>RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding *pro se* with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of seven years to life imprisonment with the possibility of parole following his 1990 conviction of kidnaping for ransom, false imprisonment and burglary. Petitioner challenges a 2010 decision of the California Board of Parole Hearings ("Board") which denied him parole and deferred a subsequent parole hearing for ten years. Petitioner asserts that his due process rights were violated by the Board's parole denial ("Claim I"). Additionally, he claims that the Board's application of the provisions of Marsy's Law, or Proposition 9, at the 2010 hearing violated the Ex Post Facto Clause of the United States Constitution ("Claim II"). Finally, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the Board ("Claim III"). The

1

matter is before the court on respondent's motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Petitioner opposes the motion.

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I. Claim I - Due Process

Petitioner asserts that he did not receive all of the due process that was owed to him at the 2010 parole hearing as he had a liberty interest in parole because he is not a current danger to public safety. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant asserting a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted); see also Bd. of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. See Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a

presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. See Greenholtz, 442 U.S. at 12; see also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. See, e.g., Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. See In re Lawrence, 44 Cal. 4th 1181, 1205-06, 82 Cal. Rptr. 3d 169, 190 P.3d 535 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53, 128 Cal. Rptr. 2d 104, 59 P.3d 174 (2002). However, in Swarthout, the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." 131 S. Ct. at 862. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id.

Petitioner asserts that his liberty interest under the Due Process Clause was violated by the 2010 parole denial. Petitioner does not assert in his petition that he was denied the procedural protections outlined in Greenholtz and reaffirmed in Swarthout. Petitioner attached to his petition a copy of the Superior Court of California, County of Los Angeles, May 5, 2010 decision on his state habeas petition. In that decision, the Superior Court noted that "[p]etitioner chose not to attend his most recent suitability hearing on January 5, 2010," and that the Board stated its reasons for denying petitioner parole. (See Dkt. No. 1 at Ex. B.). Thus, petitioner was afforded the applicable procedural protections that due process requires as stated by the United States Supreme Court. Therefore, Claim I should be denied.

II. Claim II - Ex Post Facto

Next, petitioner claims that the Board violated the Ex Post Facto Clause by applying Proposition 9, or Marsy's Law, which was enacted after petitioner's conviction and

3

sentence. Petitioner claims Mary's Law lengthened the time between parole hearings and changed the burden of proof with respect to when his next parole hearing date will be held. Prior to the enactment of Marsy's Law, parole hearings were to be conducted annually and the Board was authorized to defer subsequent hearings for "[t]wo years after any hearing at which parole is denied if the Board finds that it is not reasonable to expect that parole would be granted at a hearing during the following year and states the bases for the findings" or up to five years for convicted murderers. See Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011) (internal quotation marks and citation omitted). "Proposition 9 significantly changed the law governing deferral periods." Id.

> The most significant changes are as follows: the minimum deferral period is increased from one year to three years, the maximum deferral period is changed from five years to fifteen years, and the default deferral period is changed from one year to fifteen years. Further, the burden to impose a deferral period other than the default period was increased. Before Proposition 9 was enacted, the deferral period was one year unless the Board found it was *unreasonable* to expect the prisoner would become suitable for parole within one year. After Proposition 9, the deferral period is fifteen years unless the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in ten years, in which case the deferral period is ten years. If the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in seven years, the Board has discretion to set a three-, five-, or seven-year deferral period.

Id. at 1104-05.

As previously stated, the Board set a ten-year deferral period for petitioner at the 2010 hearing, seven years longer than the maximum deferral period under the earlier provisions of California law. For the reasons set forth infra, this claim must be dismissed because petitioner is a member of the class in Gilman v. Fisher, 05-0830 LKK GGH P (Gilman), an action which includes the issue presented by petitioner's Ex Post Facto Clause claim. In findings and recommendations filed October 5, 2012, a magistrate judge in this court set forth standards relevant to this analysis:

> Prior to the enactment of Marsy's Law, the Board deferred

4

subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year. If that determination was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to five years. See Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law, . . ., amended § 3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years. Id. § 3041.5(b)(3) (2010).

One of the claims presented by the plaintiffs in the class action Gilman case is that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." (Gilman, Doc. No. 154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for each member of the class. (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the suit. Crawford v. Honig, 37 F.3d 485, 487 n. 2 (9th Cir.1994).  In certifying the Gilman class, the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2) that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class pursuant to Fed.R.Civ.P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class.))  According to the district court in Gilman, the members of the class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10, 2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010 Order), Doc. No. 274 (Sept. 23, 2010 Order.))

5

Whitmore v. Salinas, Civ. No. 10-2488, 2012 WL 4764429 (E.D. Cal. Oct. 5, 2012).

Petitioner is a California state prisoner sentenced to a seven-years-to-life term for offenses that occurred prior to Marsy's law enactment. Petitioner is therefore a member of the Gilman class. As with the plaintiffs in Gilman, petitioner alleges that Marsy's Law violated the Ex Post Facto Clause because when applied retroactively it creates a risk of increasing the length of his punishment. Petitioner seeks a writ of habeas corpus. However, even if the court found that the Board's 2010 ten-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, petitioner would not be entitled to release on parole because the claim concerns only the timing of petitioner's next parole suitability hearing. Any relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be unconstitutional. This is the same relief sought by the Gilman class. It therefore appears that petitioner's rights within Claim II are fully protected by his membership in the Gilman class. Accordingly, it will be recommended that Claim II be dismissed without prejudice to any relief that may be available to petitioner as a member of the Gilman class.

III.  Claim III - Cruel and Unusual Punishment

Finally, construing the petition liberally, petitioner raises a cruel and unusual punishment argument with respect to the 2010 parole decision. The United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified time such as the sentence imposed in petitioner's case. See Lockyer v. Andrade, 538 U.S. 63, 74 (2003); Ewing v. California, 538 U.S. 11, 30 (2003). "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." Belgarde v. Montana, 123 F.3d 1210, 1215 (9th Cir. 1997).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their

6

prisoners." Swarthout, 131 S. Ct. at 862.  However, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment." Lockyer, 538 U.S. at 72; Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring).  Outside of capital punishment, the Eighth Amendment only prohibits sentences that are extreme and grossly disproportionate to the crime.  See United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992).  Such instances are "exceedingly rare" and occur only in "extreme cases."  See Lockyer, 538 U.S. at 73.

The Board's denial of parole in 2010 for a period of ten years did not extend petitioner's sentence beyond the statutory maximum as petitioner was sentenced to seven years to life imprisonment.  See CAL. PENAL CODE § 209.  As one court recently noted with respect to a similar claim of cruel and unusual punishment petitioner raised in a separate federal habeas proceeding:

> Petitioner is serving an indeterminate life sentence and no violation of the Eighth Amendment occurs merely because it is determined that he is unsuitable for release on parole during the service of that prison term.  See Harris v. Long, No. CV 12-1349-VBF (PLA), 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States Supreme Court case holding that either the denial of parole and continued confinement of a prisoner pursuant to a valid indeterminate life sentence, . . . constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Indeed, the Supreme Court has held that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'") (quoting Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)); Prellwitz v. Sisto, No. Civ S-07-0046 JAM EFB P, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."); see also Rosales v. Carey, No. CIV S-03-0230 JAM DAD (TEMP) P, 2011 WL 3319576, at *8 (E.D. Cal. Aug. 1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'") (quoting Baumann v. Arizona Dept' of Corrections, 754 F.2d 841 (9th Cir. 1985)).

Rose v. Swarthout, Civ. No. 11-327, 2012 WL 2959909, at *6 (E.D. Cal. July 19, 2012).

7

Accordingly, petitioner is not entitled to federal habeas relief with respect to Claim III.[1]

IV. <u>Petitioner's motion for discovery and an evidentiary hearing</u>

Petitioner requests an order for discovery. "The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." <u>Riddle v. Dyche</u>, 262 U.S. 333, 335-36 (1923); <u>see</u>, <u>e.g.</u>, <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. <u>See</u> <u>Anderson v. Butler</u>, 886 F.2d 111, 113 (5th Cir. 1989); <u>see</u> also <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>Harris v. Nelson</u>, 394 U.S. 286, 295 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion and upon a showing of good cause. <u>Bracy</u>, 520 U.S. at 904; <u>McDaniel v. United States Dist. Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.

Here, petitioner does not demonstrate the requisite good cause as to why his request for discovery should be granted. For the reasons stated <u>supra</u>, petitioner's due process and cruel and unusual punishment arguments are without merit and petitioner's Ex Post Facto Clause claim should be dismissed without prejudice in light of the <u>Gilman</u> class.

Petitioner also requests an evidentiary hearing. A court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support petitioner's claims, and if not, whether an evidentiary hearing "might be appropriate."

---

[1] The court notes that respondent's motion to dismiss does not address petitioner's cruel and unusual punishment argument. However, Rule 4 of the Rules Governing § 2254 Cases states that "[i]f it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief . . . the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

1  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Earp v. Ornoski, 431 F.3d
2  1158, 1166 (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must also
3  demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167
4  (citations omitted).  To show that a claim is "colorable," a petitioner is "required to allege
5  specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934
6  (9th Cir. 1998) (internal quotation marks and citation omitted).  In this case, an evidentiary
7  hearing is not warranted for the reasons stated supra.  Petitioner failed to demonstrate that he has
8  a colorable claim for federal habeas relief.  Moreover, it is also worth noting that the Supreme
9  Court has held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record
10 that was before the state court that adjudicated the claim on the merits" and "that evidence
11 introduced in federal court has no bearing on" such review. Cullen v. Pinholster, 131 S. Ct.
12 1388, 1398, 1400 (2011).  Thus, petitioner's request for an evidentiary hearing will be denied.
13 V.  Petitioner's Motion for the Appointment of Counsel
14         Petitioner also requests the appointment of counsel.  There currently exists no
15 absolute right to the appointment of counsel in habeas proceedings. See, e.g., Nevius v. Sumner,
16 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of
17 counsel at any stage of the case "if the interests of justice so require."  In the present case, the
18 interests of justice do not so require the appointment of counsel.  Accordingly, petitioner's
19 request for the appointment of counsel will be denied.
20 V.  Conclusion
21         Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
22 States District Courts, "[t]he district court must issue or deny a certificate of appealability when
23 it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of
24 appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
25 showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either
26 issue a certificate of appealability indicating which issues satisfy the required showing or must

9

1  state the reasons why such a certificate should not issue.  See FED. R. APP. P. 22(b).  For the
2  reasons set forth in these findings and recommendations, petitioner has not made a substantial
3  showing of the denial of a constitutional right.  Accordingly, no certificate of appealability
4  should issue.
5        In accordance with the above, IT IS HEREBY ORDERED that:
6        1. Petitioner's motion for discovery and for an evidentiary hearing (Dkt. No. 14.)
7  Are DENIED; and
8        2. Petitioner's motion for appointment of counsel (Dkt. No. 15.) is DENIED.
9        Furthermore, IT IS HEREBY RECOMMENDED that:
10       1. Respondent's March 20, 2012 motion to dismiss (Dkt. No. 11.) be
11 GRANTED;
12       2. Petitioner's Claim II that his rights under the Ex Post Facto Clause were
13 violated by the 2010 decision to defer further parole consideration for a period of ten years be
14 dismissed without prejudice to any relief that may be available to petitioner as a member of the
15 class in Gilman v. Fisher, 05-0830 LKK GGH P;
16       3. Petitioner's Claims I and III be denied; and
17       4. The district court decline to issue a certificate of appealability.
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: December 11, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

14
rose1879.157